IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIKILONI MOLI,<br><br>　　　　　Defendant. | Case No. 17-cr-00334-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A)(i)** |

Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i), Defendant Mikiloni Moli moves for release from or a reduction in his sentence ("motion") for three principal reasons: (1) his alleged rehabilitation; (2) what he refers to as the "deprived conditions" of his confinement; and (3) his alleged imprisonment in a "facility with ongoing outbreaks of infectious disease[] and an ongoing public health emergency…." Dkt. No. 65. The government opposes the motion, arguing, among other things, that Moli provides no evidence to substantiate his claims or even that he has administratively exhausted the same, as he must.

Having reviewed the parties' briefing and considered the record in this case, the Court agrees with the government that Moli is not entitled to a reduction of his sentence. First, as the government observes, although Moli purports to have

administratively exhausted his claims, he has provided the Court with no evidence of having done so.  Second, in a similar vein, even if Moli had exhausted his claims, he has also failed to provide any evidence, such as records of his alleged enrollment in educational classes or evidence demonstrating the suffering he has endured as a result of the conditions of his confinement, to support his underlying claims for release.  Therefore, as more fully set forth below, the motion is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On February 21, 2018, Moli was sentenced to 170 months' imprisonment after pleading guilty to six drug-related offenses.  Dkt. No. 53.  At sentencing, Moli was found responsible for distributing, among other things, roughly 8 pounds of "ice" and an additional 22 pounds of "generic" methamphetamine,[1]  which, after reductions for acceptance of responsibility, resulted in an offense level of 35.  Dkt. No. 51 at ¶¶ 27, 35, 37-47.  In conjunction with a criminal history category of II, this produced a guideline imprisonment range of 188 to 235 months' imprisonment, with Moli being subject to a 10-year mandatory minimum sentence. *Id*. at ¶¶ 53, 79, 81.  After hearing from sentencing counsel, Dkt. No. 53, the Court

---

[1] Note (C) to U.S.S.G. Section 2D1.1(c) explains that "ice" refers to "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity."

varied below the applicable guideline range, sentencing Moli to 170 months' imprisonment, Dkt. No. 54; Dkt. No. 55 at 2-3.

On June 17, 2024, Moli filed the instant motion, seeking to have his sentence reduced or brought to an end. Dkt. No. 65. On July 2, 2024, the government opposed the motion. Dkt. No. 67. Although Moli was permitted until July 16, 2024 to file a reply in support of the motion, Dkt. No. 66, more than a week past that deadline, no reply has been filed. The Court, therefore, considers briefing complete, with this Order now following.

## **LEGAL STANDARD**

A court may not modify a term of imprisonment, except, as pertinent here, when: (1) the defendant exhausts administrative rights to the extent set forth in the statute; (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction; and (4) the reduction is consistent with applicable policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

With respect to exhaustion, a motion for reduction of sentence pursuant to Section 3582(c)(1)(A) may be brought either by the Director of the Bureau of Prisons or the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

3

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." *Id*. § 3582(c)(1)(A).

## DISCUSSION

Moli moves for a sentence reduction on various grounds, including his alleged rehabilitation and the conditions of his confinement. The government opposes the motion on both exhaustion and substantive grounds. The Court first addresses the government's exhaustion argument below.

As mentioned, in order to exhaust a request for a sentence reduction, a defendant must, at the very least, wait 30 days from the receipt of such a request by the warden of his facility. In the motion, Moli asserts that he satisfied this requirement "via written letter" to his warden, citing an "Exhibit – 1" to the motion. Dkt. No. 65 at 3. However, for whatever reason, the motion received and docketed by the Court contained no exhibits, let alone one demonstrating that Moli sent a letter to the warden of his facility or otherwise requesting a sentence reduction. *See generally id*. Therefore, there is no basis on the record provided for the Court to find that Moli administratively exhausted the present request for a sentence reduction. This, alone, is grounds for denying the motion. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding that the

"administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government.").

Even if Moli had demonstrated exhaustion, the Court addresses a further glaring deficiency. In the motion, Moli asserts that he is entitled to a sentence reduction because of his alleged rehabilitation—for example, he asserts that he has "enroll[ed] in multiple classes"—and the alleged conditions of his confinement—for example, he asserts that his prison facility (FCI Dix) is "the most unkempt, contagious disease-infested, inhumane prison in the [BOP]." Dkt. No. 65 at 5, 7. In making these assertions, Moli cites, among other things, "Exhibits – 2" and a newspaper article. *See id*. at 5, 8. Much like his citation to "Exhibit – 1" discussed earlier, however, no such exhibit or information is provided with the motion. In other words, there is nothing in the record to substantiate Moli's claims that he has enrolled in classes (let alone been rehabilitated) or been subject to inhumane prison conditions (let alone experienced an extraordinary and compelling reason justifying a sentence reduction).[2]

---

[2] In fact, the only evidence submitted—prison medical records—were provided by the government, not Moli, and those records reflect that Moli's recent health is no worse than unremarkable. *See, e.g.*, Dkt. No. 70 at 1, 4, 6-7, 10-14, 16-19.

As a result, for both procedural and substantive reasons, Moli's motion to reduce sentence, Dkt. No. 65, is DENIED.

IT IS SO ORDERED.

DATED: July 25, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

United States of America v. Mikiloni Moli; Cr. 17-334 DKW; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A)(i)**